Appendix 17

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KELLY ANN WOOLFOLK,

Plaintiff,

v.

ELI LILLY AND COMPANY, et al.,

Defendants.

CASE NO. C03-3577RSM

ORDER ON MOTION FOR SUMMARY JUDGMENT

This matter is before the Court on defendant's Motion for Summary Judgment (Dkt. # 37). The Court heard oral argument on the matter on March 4, 2005, and has fully considered the memoranda and exhibits filed by the parties. For the reasons set forth below, defendant's motion is DENIED.

DISCUSSION

Plaintiff Kelly Woolfolk suffers from long-standing infertility, and has been diagnosed with a "T-shaped" uterus and cervical abnormalities. She alleges that her condition was caused by her mother's ingestion of the hormone diethlystilbesterol ("DES") during pregnancy, and she seeks compensation for her injury from the manufacturers of this product. The complaint was originally filed in Washington, D.C. Superior Court, removed to D.C. District Court, and then transferred to this district. Defendant asserts that under Washington D.C. choice of law provisions, the substantive law of Washington State applies to this action, and plaintiff does not dispute this. Plaintiff alleges four separate theories of liability: (1) negligence in failure to test and failure to warn; (2) strict liability; (3) breach of express and implied warranty; and (4) misrepresentation. She also claims punitive damages. Two named defendants

ORDER ON MOTION FOR SUMMARY
JUDGMENT- 1

have arrived at settlement with the plaintiff and have been dismissed from this action, leaving only Eli Lilly and Company.

Defendant has moved for summary judgment on the bases that (1) the breach of warranty claim is time-barred; (2) the strict liability and punitive damages claims fail as a matter of law; and (3) plaintiff has no admissible evidence to prove that her mother actually took DES during her pregnancy, or, if she did, that it was manufactured by Eli Lilly. Plaintiff waived her claims as to strict liability and punitive damages at the hearing, but asserted the discovery rule as a defense to the statute of limitations bar. The statute of limitations issue will be addressed below; the Court turns first to defendant's argument that plaintiff has no admissible evidence to support her claim.

Plaintiff was born in 1970. Her mother, Deann Mills, recalls that she was prescribed "a hormone" which was supposed to prevent miscarriage. It is undisputed that DES was routinely prescribed at that time for that purpose, but it was not the only such hormone used. The doctor who treated Deann Mills is now dead, and the medical records of her pregnancy are not available. At her deposition, Ms. Mills stated that she did not recall the name of the hormone, and she had never heard of DES or diethylstilbesterol before March of 2000. She did not remember the color of the pills she took, only that they were round in shape. Later, in response to the summary judgment motion, Ms. Mills presented an affidavit stating that "[a]lthough I do not recall the exact name or color of the hormone, I do recall that it was a long word beginning with a "D" and that it was not a yellow pill." However, a party cannot survive summary judgment by contradicting his or her own sworn deposition with a later declaration. Harris v. City of Seattle, 315 F. Supp. 2d at 1105, *quoting* Disc Golf Association v. Champion Discs, Inc., 158 F. 3d 1002, 1008 (9th Cir. 1998). While Ms. Mills' memory may be explored on cross-examination at trial, her affidavit will not be considered on summary judgment.

Plaintiff has also presented an affidavit by her father, Robert Grinnell, now divorced from Ms. Mills. Mr. Grinnell states that his former wife took DES during her pregnancy, and that it was a white pill with cross-shaped scoring on it. As to the identification of DES these statements are, as defendant argues, hearsay. Plaintiff subsequently provided an amended affidavit by Mr. Grinnell, stating that he filled the prescription because his wife was confined to bed, and he personally observed the label on the

ORDER ON MOTION FOR SUMMARY
JUDGMENT- 2

1  bottle and the size, shape, and color of the pills. Defendant objected to this affidavit on the grounds that
2  Mr. Grinnell has never been disclosed as a witness. However, plaintiff adequately explained that failing,
3  in that Mr. Grinnell could not be located until recently. He has now been disclosed and defendant has an
4  opportunity to depose him before trial. For the purposes of this summary judgment motion, the amended
5  affidavit will be considered by the Court.
6        Plaintiff has also presented her medical records and expert testimony on causation. While
7  plaintiff's medical records themselves are admissible evidence, any mention of DES exposure is, without
8  an adequate foundation to establish the basis for the diagnosis, simply hearsay. However, the Court finds
9  that the deposition testimony of Gilbert Mottla, M.D., stating "to a reasonable degree of medical
10 probability" that plaintiff's anatomical abnormalities are consistent with DES exposure constitutes
11 admissible evidence sufficient to defeat summary judgment. Dr. Mottla submitted a declaration
12 establishing his credentials as an expert and the fact that he has authored a published, peer-reviewed
13 article on DES exposure. His testimony regarding the connection between DES exposure and a "T-
14 shaped" uterus is supported by the medical textbook excerpts supplied by plaintiff. Although Dr. Mottla
15 conceded that no single abnormality is exclusive to DES exposure, he consistently testified that the
16 particular combination of symptoms presented by plaintiff is diagnostic of DES exposure. The Court
17 thus concludes that plaintiff has presented sufficient evidence to create triable issues of fact regarding her
18 exposure to DES manufactured by defendant, and whether her particular injuries were caused by that
19 exposure.
20       The application of the statute of limitations was only briefly explored at the hearing: defendant
21 asserted that under the transferor court's choice of law provision, it is the District of Columbia statute of
22 limitations which applies. No argument was heard on how to apply this statute of limitations to the facts
23 of this case. In a letter to the Court received one week after the hearing, defendant asked for an
24 opportunity to further brief the matter. The Court deems that unnecessary.
25       The District of Columbia courts apply a "discovery rule" to determine when the statute of
26 limitations begins to run. A plaintiff must file suit within three years of the date when she knew, or by the
27 exercise of reasonable diligence should have known, (1) of the injury, (2) of the cause in fact of the
28

ORDER ON MOTION FOR SUMMARY
JUDGMENT- 3

injury, and (3) of some evidence of wrongdoing by the defendant. <u>Albers v. Eli Lilly and Company</u>, 257 F. Supp. 2d 1147, 1149 (N.D.Ill. 203); *citing* <u>Diamond v. Davis</u>, 680 A.2d 364 (D.C.App. 1996). In <u>Albers</u>, the district court applied the discovery rule to bar a plaintiff's suit because she did not file until ten years after she was diagnosed with a T-shaped uterus from DES exposure. The plaintiff asserted that she did not have "some evidence of wrongdoing" until 1999 or 2000 when she saw a newspaper ad regarding DES suits. <u>Albers v. Eli Lilly and Company</u>, 354 F. 3d 644, 645 (7th Cir. 2004). The court ruled that reasonable investigation would have turned up "some evidence" of wrongdoing earlier. <u>Id</u>.

Defendant, citing <u>Albers</u>, attached to the letter a notation in plaintiff's medical record from 1999, indicating a history of DES exposure. Defendant argues that this was sufficient notice to plaintiff of her injury to start the statute running. However, that notation is, as defendant argues earlier, hearsay. Further, with respect to the three-step discovery rule analysis, it does not adequately establish either injury or the cause of such injury. Indeed, the history recitation in the record provided by defendant states that "[s]he has been told in the past that she does not have DES characteristics but has always been concerned about that." (Emphasis added). The exam on that day in 1999 was inconclusive and plaintiff was referred for further evaluation of her infertility. According to the medical records supplied by plaintiff, she was diligently investigating the source of her infertility during this time. It was not until a hysterosalpingogram was performed in March 2000, that the uterine shape abnormality was discovered. The July 16, 2001 record from the Virginia Mason Medical Center refers to a note in the file written March 17, 2000, describing a "DES pattern" in the shape of the uterine cavity. The doctor's notes from July 16, 2001 confirm the diagnosis of DES exposure, and the relation to infertility.

When these facts are viewed in the light most favorable to plaintiff, as appropriate on summary judgment, they lead to the conclusion that the statute of limitations began to run, at the earliest, either in March of 2000, or July of 2001, when plaintiff discovered the exact nature of her uterine abnormality, the cause of her infertility, and the connection to DES exposure.[1] Using either date, this suit filed February

---

[1] Under District of Columbia law regarding the statute of limitations, "when accrual actually occurred in a particular case is a question of fact for the factfinder." <u>Albers</u>, 257 F. Supp. 1at 1150; *quoting* <u>Doe v. Medlantic Health Care Group, Inc.</u>, 814 A.2d 939 (D.C.App. 2003).

ORDER ON MOTION FOR SUMMARY
JUDGMENT- 4

1  19, 2003 is timely.

2  Plaintiff has presented sufficient evidence to create triable issues of fact regarding her exposure
3  to DES manufactured by defendant, and whether her particular injuries were caused by that exposure.
4  She has also presented evidence from which a jury could find that her cause of action did not begin to
5  accrue until she learned, following specific diagnostic procedures, of the actual malformation of her
6  uterus, and its relation to DES exposure. Accordingly, defendant's motion for summary judgment is
7  DENIED.

9  DATED this __15__ day of __March__ 2005.

11                                          /s/ Ricardo S. Martinez
                                        RICARDO S. MARTINEZ
12                                         United States District Judge

ORDER ON MOTION FOR SUMMARY
JUDGMENT- 5