IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CATHERINE ANN DEEP, | ) <br> ) |
| Plaintiff, | ) <br> ) <br> ) |
| vs. | )    CIVIL ACTION No. 1:06-cv-00111-RWR <br> ) |
| ELI LILLY AND COMPANY, | ) <br> ) <br> ) |
| Defendant. | ) <br> ) |

**DEFENDANT ELI LILLY AND COMPANY'S MEMORANDUM IN SUPPORT
OF ITS MOTION FOR RECONSIDERATION OR, IN THE ALTERNATIVE,
FOR CERTIFICATION FOR SECTION 1292(b) INTERLOCUTORY APPEAL**

INTRODUCTION

Lilly respectfully requests reconsideration of this Court's Order denying Lilly's Motion for Summary Judgment based on clear error. An order denying a motion for summary judgment is an interlocutory order subject to reconsideration. Fed. R. Civ. P. 54(b); *Nieves-Luciano v. Hernandez-Torres*, 397 F.3d 1, 4 (1st Cir. 2005); *Amer. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514-15 (4th Cir. 2003). Reconsideration is justified when there exists a "need to correct a clear error or prevent a manifest injustice." *Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 167 (2d Cir. 2003) (*citing Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)).

Lilly respectfully asserts that this Court erred in determining that, under Maryland law, plaintiff has presented a genuine issue of material fact regarding causation through the deposition testimony and affidavit of Dr. Stillman. Maryland law requires that plaintiff present admissible evidence that it is more likely than not that the defendant caused her alleged harm,

1

which plaintiff has failed to do. Lilly also respectfully asserts that this Court erred in considering Dr. Stillman's affidavit, which directly controverts his previously sworn and unequivocal deposition testimony. Finally, Dr. Stillman's deposition testimony that plaintiff's uterus is an "overriding factor" in her inability to bear a child (November 30, 2007, Transcript of Status Call Proceedings, Exhibit 1, at 6) must be read within the entire context of his deposition testimony – which directly contradicts this conclusion. Lilly, therefore, respectfully requests the Court reconsider its decision that plaintiff can prove causation by a preponderance of the evidence, as required under Maryland law.

In the alternative, Lilly requests the Court certify its Order denying Lilly's motion for summary judgment on the issue of causation for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Lilly's motion for summary judgment involves a controlling question of law, *i.e.*, plaintiff cannot prevail in this action unless she proves causation by a preponderance of the evidence. Plaintiff cannot do so absent admissible testimony from Dr. Stillman that plaintiff would have had a greater than 50% chance of having a child absent any harm Lilly allegedly caused. There is substantial ground for difference of opinion about this Court's determination that Dr. Stillman's testimony on the issue of causation is sufficient to establish causation under Maryland law's preponderance of the evidence standard, and an immediate appeal may lead to the termination of this litigation prior to trial and conserve the time and resources of both this Court and the involved parties.

144155v2

I.  **THIS COURT SHOULD RECONSIDER ITS ORDER AND GRANT LILLY'S MOTION FOR SUMMARY JUDGMENT ON THE ISSUE OF CAUSATION**

   A.  **Plaintiff Has Failed To Establish Sufficient Evidence Of Causation Under Maryland Law**

In denying Lilly's Motion for Summary Judgment, Lilly respectfully suggests the Court erred in its interpretation of Maryland law regarding causation. Though the Court correctly stated that, under Maryland law, plaintiff "must show that it is more likely than not that DES caused her infertility," the Court intimated that plaintiff's burden of proof on causation is less stringent under Maryland's substantial factor test than its but-for test regarding causation.[1] Lilly respectfully disagrees. Under Maryland law, regardless of which test a court uses to evaluate evidence of causation, a plaintiff must be able to prove by a preponderance of the evidence that the defendant caused the plaintiff's harm. Accordingly, plaintiff cannot prove causation as a matter of law unless she can demonstrate that Lilly – as opposed to any other factor, including plaintiff's advanced age – caused her harm.

   1.  Under Maryland Law, The Preponderance of the Evidence Standard Requires Plaintiff To Prove That It Is More Probable Than Not That Lilly Caused Her Alleged Inability To Have A Child

Regardless of whether Maryland courts apply the but-for test or the substantial factor test to determine the sufficiency of a plaintiff's evidence of causation, "the focus remains on the fundamental and sometimes metaphysical inquiry into the nexus between the defendant's negligent act and the resultant harm to the plaintiff." *Yonce v. SmithKline Beecham Clinical Labs., Inc.*, 680 A.2d 569, 576 (Md. Ct. Spec. App. 1996). Under Maryland law, regardless of

---

[1] The Court's statement also indicates that Lilly argued in its Motion for Summary Judgment that plaintiff's advanced maternal age is a superseding cause of her alleged infertility, one that "so entirely supersedes the operation of the defendant's negligence that it alone, without the defendant's negligence contributing to it in the slightest degree, produced the injury." *See* Exhibit 1, at 5. However, Lilly asserted in its Motion, and asserts now, only that plaintiff cannot prove **by a preponderance of the evidence** that Lilly – as opposed to any other factor, including plaintiff's advanced age – caused plaintiff's harm.

144155v2

which approach a court uses to evaluate a plaintiff's causation evidence, a plaintiff retains the burden of proving by a preponderance of the evidence that it is more probable than not that the defendant's conduct caused the plaintiff's harm. *See generally Mayer v. N. Arundel Hosp. Assoc., Inc.*, 802 A.2d 483, 489, 492-93 (Md. Ct. Spec. App. 2002) (recognizing both the but-for test and the substantial factor test and detailing the plaintiff's burden of proof regarding causation); *Fennell v. Southern Md. Hosp. Ctr.*, 580 A.2d 206, 211 (Md. 1990) (recognizing Maryland's preponderance of the evidence standard for causation); *Pierce v. Johns-Manville Sales Corp.*, 464 A.2d 1020, 1026 (Md. 1983) (same); *Davidson v. Miller*, 344 A.2d 422, 427-28 (Md. 1975) (same); *Owens v. Bourns, Inc.*, 766 F.2d 145, 150-51 (4th Cir. 1985) (same).

Because of this preponderance of the evidence standard, Maryland courts have rejected so called "loss of chance" claims. Loss of chance claims "may include [a claim for] loss of chance of a positive or more desirable medical outcome, loss of chance of avoiding some physical injury or disease, or loss of a chance to survive." *Fennell*, 580 A.2d at 208. In a loss of chance claim, a plaintiff claims a defendant's actions decreased the plaintiff's chance of a positive medical or other outcome, where the plaintiff's likelihood of achieving the positive outcome – absent the defendant's conduct – was already improbable, or less than 50%. *See Fennell*, 580 A.2d at 208.

Applying this law, plaintiff cannot meet her burden of proof regarding causation unless she can prove that she had a greater than 50% chance of achieving pregnancy **absent any harm Lilly allegedly caused**. *See Fennell*, 580 A.2d at 211; *Cooper v. Hartman*, 533 A.2d 1294, 1299-1300 (Md. 1987). Because plaintiff cannot do this, she cannot present sufficient evidence of causation and her claims fail as a matter of law.

2.  **Under Maryland Law, In Pharmaceutical Cases Involving Questions Of Medical Causation, A Plaintiff Must Use Admissible Expert <u>Testimony To Prove Causation By A Preponderance Of The Evidence</u>**

In a case like this one involving prescription medication and complex questions of medical causation beyond the understanding of a lay person, the plaintiff must prove causation through expert testimony. *See Aventis Pasteur, Inc. v. Skevofilax*, 914 A.2d 113, 135 (Md. 2007); *Brown v. Meda*, 537 A.2d 635, 641 (Md. Ct. Spec. App. 1988); *Samuel v. Ford Motor Co.*, 112 F. Supp. 460, 467-68 (D. Md. 2000). Maryland courts apply this concept in cases such as this one by mandating that, if a plaintiff fails to present expert testimony that the plaintiff had a better than 50% chance of achieving the better outcome she desires, her claims will fail as a matter of law. *See Cooper*, 533 A.2d at 1299-1300 (holding that, as a matter of law, expert testimony failed to prove causation by a preponderance of the evidence because the expert could not testify that, had the defendant not acted negligently, plaintiff would have had a "substantial possibility," or a better than 50% chance, of a better result); *Owens v. Bourns, Inc.*, 766 F.2d 145, 150-51 (4th Cir. 1985) (granting a directed verdict on the issue of causation and determining that there was not "sufficient evidence of causation to raise an issue for the jury" when experts could not state with reasonable medical certainty that defendant's conduct was "more probably than not" the cause of the plaintiff's injury).

Furthermore, the expert testimony a plaintiff presents on the issue of causation must be admissible, or it will not withstand a motion for summary judgment. *Giant Food, Inc. v. Booker*, 831 A.2d 481, 495 (Md. App. Ct. 2003) (holding that expert testimony was necessary on issue of complex medical causation and, because plaintiff's expert opinion was inadmissible, trial court erred in denying defendant's motion for judgment); *Cooper v. Smith & Nephew, Inc.*, No. JFM 97-2578, 2000 WL 1728024, at *3 (D. Md. 2000), Exhibit 2 (applying Maryland law)

(granting summary judgment because plaintiff's claims require expert medical testimony and plaintiff's expert's testimony on medical causation was inadmissible).

Thus, unless plaintiff can present admissible expert testimony that, due to Lilly's conduct, she lost **more than a 50% chance** of conceiving and carrying a child to term, her claim fails as a matter of law.

### B. Plaintiff Cannot Meet Her Burden of Proving By Admissible Expert Evidence That DES Caused Her Alleged Inability To Have A Child

Lilly respectfully asserts that the Court erred in determining that plaintiff met her burden of proving that DES caused her alleged inability to have a child by considering Dr. Stillman's inadmissible "sham affidavit." This is further supported by the fact that, during his deposition, Dr. Stillman could not testify that there was more than a 50% probability that DES, as opposed to any other risk factor, such as advanced maternal age, caused plaintiff's inability to have a child. (Exhibit 3, p. 93, lines 3-20.)

#### 1. In His Deposition, Dr. Stillman Could Not Testify That It Is More Likely Than Not That DES Caused Plaintiff's Alleged Injuries

The Court found a genuine issue of material fact with respect to causation by relying upon Dr. Stillman's deposition testimony that plaintiff's uterus is an "overriding factor" in her ability to bear a child. *See* Exhibit 1, at 5. Yet, when read in the context of Dr. Stillman's entire deposition, Dr. Stillman's conclusory statement does not support the proposition that it is more likely than not that Lilly's conduct, as opposed to plaintiff's advanced maternal age, caused plaintiff's alleged inability to bear a child.

In determining whether statements from a witness' deposition can be used to indicate a genuine issue of material fact, courts must evaluate individual statements in the context of the entire deposition. *Zamora v. Elite Logistics, Inc.*, 478 F.3d 1160, 1178-80 (10th Cir. 2007) (examining witness' deposition statement in the context of other statements testified

6

to at deposition for purposes of determining whether a genuine issue of material fact exists and listing other cases in which the court "examine[d] statements and events in context to determine their legal effect or whether they genuinely create a disputed question of material fact"); *Erickson's Flooring & Supply Co., Inc. v. Tembec, Inc.*, 212 Fed. Appx. 558, 564-65 (6th Cir. 2007) (considering deposition testimony "[i]n context" to determine whether summary judgment was appropriate); *Keri v. Bd. of Trustees of Purdue Univ.*, 458 F.3d 620, 632 (7th Cir. 2006) (determining that deposition statements will be considered in the context of the declarant's entire testimony when deciding motion for summary judgment); *Price v. Thompson*, 380 F.3d 209, 216-17 (4th Cir. 2004) (refusing to read "testimony out of context" with what was said "seven lines later" when determining whether summary judgment was appropriate); *Nat'l Mortgage Corp. v. Greenwich Capital Fin. Prods., Inc.* 53 Fed. Appx. 510, 513 (10th Cir. 2002) (finding a statement "in the context of [declarant's] full testimony . . . insufficient to demonstrate a genuine issue for trial"). Moreover, when determining whether summary judgment is appropriate, courts refuse to consider deposition testimony that constitutes a "sudden and unexplained revision" from testimony given earlier in deposition. *Marathon Ashland Petroleum, LLC v. Int'l Brotherhood of Teamsters*, 300 F.3d 945 (8th Cir. 2002).

Examining *in toto* Dr. Stillman's deposition testimony regarding plaintiff's ability to conceive and carry a child to term as a 43-year-old reveals the following pertinent points:

- Dr. Stillman testified that a 43-year-old **with no reproductive abnormalities** has a less than 50% chance of conceiving and carrying a child to term, even with the use of assisted reproductive technologies. (Dr. Stillman Deposition, Exhibit 3, p. 97-98, lines 7-22; 1-10.)

- Dr. Stillman testified that in the general population, the likelihood of a 43-year-old having a live birth is "at least one in three," (Exhibit 3, p. 29, lines 17-22), and the miscarriage rate of a 43-year-old who actually conceives is between 33-50%. (Exhibit 3, p. 23-24, lines 20-23; 1-4.)

7

144155v2

- Dr. Stillman also testified that at his fertility clinic, only 20% of 43-year-old women are able to conceive and only 14% of 43-year-old women are able to carry their pregnancies through to a live birth. (Exhibit 3, p. 28, lines 11-18).

- Dr. Stillman could not testify that it is more likely than not that plaintiff, but for her alleged DES exposure, would have been able to conceive and carry a child to term. (Exhibit 3, p. 93, lines 3-20.) Rather, he testified that plaintiff's age and uterus shape are both "contributing factor[s]" to her inability to conceive and carry a child to term, but that "it's hard to know which one is the majority factor." (*Id*.)

- Dr. Stillman could not testify to a reasonable medical probability that plaintiff did not conceive because of alleged DES exposure. (Exhibit 3, p. 91-92, lines 17-22; 1-11.)

- Dr. Stillman testified that plaintiff's uterine deformity causes no problems or difficulty to plaintiff outside of her reproductive capabilities. (Exhibit 3, p. 110, lines 9-14.)

A review of the breadth of Dr. Stillman's testimony places into proper context his unsupported statement, at plaintiff's counsel's prodding, that plaintiff's uterus is an "overriding factor" in her inability to bear a child. (Exhibit 3, p. 95, lines 13-20). The statement must be read within the context of Dr. Stillman's other deposition testimony that both plaintiff's advanced maternal age **and** her allegedly DES-related uterine shape are "contributing factor[s]" to plaintiff's inability to conceive and carry a child to term, but that "it's hard to know which one is the majority factor." (Exhibit 3, p. 93, lines 3-20). Indeed, Dr. Stillman's testimony reveals that he could not testify that plaintiff's chances of conceiving and carrying a child to term were over 50% **absent any harm that Lilly allegedly caused**. Rather, Dr. Stillman clearly testified that due to plaintiff's advanced maternal age, her chances of conceiving at age 43 – absent any reproductive injury – were already less than 50%.

As stated above, it is plaintiff's burden to prove causation in this case. It is clear that Dr. Stillman's deposition testimony reveals that plaintiff does not have case-specific expert testimony that she would have had a greater than 50% likelihood of having a child in the absence

8

of DES exposure. Accordingly, Lilly respectfully requests the Court reconsider its denial of Lilly's Motion for Summary Judgment and enter summary judgment on Lilly's behalf. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (summary judgment "is mandated against" a party who fails to produce sufficiently probative evidence on an essential element of her case, upon which she would bear the burden of proof at trial); *Fennell*, 580 A.2d at 215, *Marder v. G.D. Searle & Co.*, 630 F. Supp. 1087, 1095 (D. Md. 1968); *Cooper* 533 A.2d at 1299-1300; *Owens*, 766 F.2d at 150-51.

        2.      Plaintiff Cannot Controvert Dr. Stillman's Clear
             Deposition Testimony With A "Sham Affidavit"

Because "parties' opportunism should not readily imperil summary judgment," *Galvin v. Eli Lilly and Co.*, 488 F.3d 1026, 1030 (D.D.C. 2007), "[c]ourts have long held that a party may not create a material issue of fact simply by contradicting its prior sworn testimony." *Pyramid Sec. Ltd. v. IB Resolution, Inc.*, 924 F.2d 1114, 1123) (D.C. Cir. 1991). The District of Columbia Circuit has held that "[w]here a party emphatically and wittingly swears to a fact, it bears a heavy burden – even in the summary judgment context – when it seeks to jettison its sworn statement." *Id*. Accordingly, this Court has adopted the "sham affidavit rule," which "precludes a party from creating an issue of material fact by contradicting prior sworn testimony unless the 'shifting party can offer persuasive reasons for believing the supposed correction' is more accurate than the prior testimony." *See Galvin*, 488 F.3d at 1030 (*citing Pyramid Sec. Ltd.*, 924 F.2d at 1123). Where plaintiff creates such a "sham affidavit," the court should exclude the contradictory affidavit from its consideration. *Thompson v. Islam*, No. Civ.A. 01-0585, 2005 WL 326926, at *3 (D.C. Cir. July 29, 2005), Exhibit 4 ("'[A] party's affidavit which contradicts [her] own prior deposition testimony should be disregarded on a motion for summary

9

144155v2

judgment.'") (brackets in original) (*quoting Mack v. U.S.*, 814 F.2d 120, 124 (2d Cir. 1987)); *Hancock v. Bureau of Nat'l Affairs, Inc.*, 645 A.2d 588, 591 (D.C. 1994) (same).

In opposition Lilly's Motion for Summary Judgment, and more specifically, in response to Lilly's argument that plaintiff cannot present sufficient evidence of causation, plaintiff submitted the "sham affidavit" of Dr. Stillman, which directly contradicts his previous deposition testimony. Dr. Stillman's affidavit, apparently offered by plaintiff to shore-up his sworn deposition testimony, should be disregarded by this court in its entirety. While Dr. Stillman contends in his affidavit to be correcting claimed distortions, selective quotes and mischaracterizations of his deposition testimony, he clearly is contradicting and attempting to explain away his unequivocal testimony. For example, in his affidavit, Dr. Stillman references his deposition and contends that in his deposition he stated that a 43-year-old woman has a 60% chance of a live birth. Dr. Stillman Affidavit, Exhibit 5, ¶ 3. This figure cannot be relied upon to establish causation under Maryland law because, within the context of Dr. Stillman's entire deposition testimony, it is clear that this 60% live birth figure applies only to 43-year-old women who have **already** successfully conceived as opposed to those, like plaintiff, who have not yet conceived.[2]

---

[2]  At the beginning of his deposition, Dr. Stillman testified that a woman who starts attempting to conceive at age 43 and **who successfully conceives** has a miscarriage rate of 33-50%. Exhibit 3, p. 23-24, lines 20-22; 1; p. 28-29, lines 19-22; 1-17. Stated conversely, "50 percent or 60 percent would deliver, of those pregnant." Exhibit 3, p. 29, lines 7-12  Dr. Stillman also testified that, a woman who starts attempting to conceive at age 43 but **who has not yet successfully conceived** has a one in three – or 33% – chance of having a live birth. Exhibit 3, p. 29, lines 13-22. Much later, in response to Lilly's counsel's question about the chance of a live birth by a 43-year-old in the general population, Dr. Stillman states:

> We talked about those numbers earlier. . . . 33 to 50 percent was where I was putting it . . . and I think I'd stick to that. So it may be close to 50 percent, but I think that if you think the general population of patients at

144155v2

Because "[p]laintiff cannot create or resurrect a genuine issue of material fact and thereby defect summary judgment by filing a self serving affidavit that contradicts previous sworn testimony," this Court should disregard Dr. Stillman's "sham affidavit." *Islam*, 2005 WL 3262626, at *3; *see also Hancock v. Bureau of Nat'l Affairs, Inc.*, 645 A.2d 588, 591 (D.C. 1994).

## II.    IN THE ALTERNATIVE, THIS COURT SHOULD CERTIFY ITS ORDER DENYING LILLY'S MOTION FOR SUMMARY JUDGMENT ON THE ISSUE OF CAUSATION IN FACT FOR INTERLOCUTORY APPEAL PURSUANT TO § 1292(b)

Section 1292(b) provides, in relevant part, that

> [w]hen a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order . . .

28 U.S.C. § 1292(b). Interpreting this language, this Court has stated that certification pursuant to Section 1292(b) is proper when "(1) the order involves a controlling question of law, (2) a substantial ground for difference of opinion concerning the question exists, and (3) an immediate

---

> 43 years of age – again I think I'd stay with those numbers. 33 to 50 percent would have difficulty or would not have a live birth. . . .

Exhibit 3, p. 98-99, lines 21-22; 1-12. As Dr. Stillman's testimony spells out, the 33-50% statistic he references here is the same 33-50% statistic he quoted earlier in his deposition. Thus, it represents the likelihood of a live birth by 43-year-old women who **have already conceived**, not the likelihood of a live birth by a woman in plaintiff's situation.

In fact, Dr. Stillman's estimate for the ability of 43-year-old women to conceive at his clinic is only 20% and only 14% of 43-year-old women are able to carry their pregnancies through to a live birth. Exhibit 3, p. 28, lines 11-18.

11

144155v2

appeal would materially advance the disposition of the litigation." *In re Vitamins Antitrust Litigation*, No. 99-197, 2000 WL 673936, at *2 (D.D.C. Jan. 27, 2000), Exhibit 6.

This Court's Order denying Lilly's motion for summary judgment on the issue of causation meets the criteria for immediate appeal under § 1292(b).

### A. This Court's Denial Of Lilly's Motion For Summary Judgment On The Issue Of Causation Involves A Controlling Question Of Law

A question of law is considered "controlling" under § 1292(b) if it "is one that would require reversal if decided incorrectly or that could materially affect the course of litigation with resulting savings of the court's or the parties' resources." *APCC Servs., Inc. v. Sprint Communications Co., L.P.*, 297 F. Supp. 2d 90, 95-96 (D.D.C. 2003) (*citing Judicial Watch, Inc. v. Nat'l Energy Policy Dev. Group,* 233 F. Supp. 2d 16, 19 (D.D.C. 2002)). Accordingly, "[c]ontrolling questions of law include issues that would terminate an action if the district court's order were reversed." *APCC Servs., Inc.*, 297 F. Supp. 2d at 96.

United States District Courts routinely certify, *see, e.g., Johnson v. Wash. Metro. Area Transit Authority*, 790 F. Supp. 1174,1181 (D.D.C. 1991), and United States Circuit Courts routinely grant interlocutory appeals of orders denying summary judgment motions. *See, e.g., U.S. v. Philip Morris USA, Inc.*, 396 F.3d 1190,1193 (D.C. Cir. 2005); *McMahon & Co. v. Wherehouse Entm't, Inc.*, 65 F.3d 1044 (2d Cir. 1995); *Clark v. Bear Stearns & Co., Inc.*, 966 F.2d 1318,1320 (9th Cir. 1992). In fact, in a case similar to this one, the Tenth Circuit granted interlocutory appeal from an order denying a summary judgment motion based on the sufficiency of causation evidence. *Wilson v. Merrell Dow Pharms., Inc.*, 20 F.3d 379, 379 (10th Cir. 1994).

The question of whether plaintiff has met her burden of proof as to causation is a controlling question of law for the purposes of Section 1292(b). *Id.*; *Clarity Software, LLC v. Allianze Life Ins. Co. of N. Amer.*, No. 2:04-cv-1441, 2007 WL 1653731, at *2 (W.D. Penn. June

12

144155v2

5, 2007) (certifying "issue of plaintiff's burden to prove causation" for interlocutory appeal). Plaintiff attempts to establish causation through Dr. Stillman's testimony. Since plaintiff must establish causation by a preponderance of the evidence, *see, e.g., Fennell*, 580 A.2d at 211, plaintiff cannot prevail in this action because Dr. Stillman's deposition testimony does not establish that it is more likely than not that DES caused plaintiff's alleged injuries. Thus, this Court's denial of Lilly's motion for summary judgment involves a controlling question of law.

### B. There Is Substantial Ground For Difference of Opinion About This Court's Ruling That Dr. Stillman's Deposition Testimony And Affidavit Establish Causation In This Case

Substantial ground for difference of opinion exists about this Court's ruling that Dr. Stillman's deposition testimony and affidavit establish sufficient evidence of causation in this case. Although some Maryland cases use the phrase "substantial factor" when discussing matters of causation, the Maryland Supreme Court has clearly indicated its intent that a plaintiff must prove all elements of a cause of action in tort, including causation, by a preponderance of the evidence. *Fennell*, 580 A.2d at 211. Maryland case law also clearly establishes that in order to meet this burden, plaintiff must show that her injuries were **more likely than not** – a greater than 50% likelihood – caused by Lily. *Id*.

As discussed in greater detail above, Dr. Stillman's deposition testimony is insufficient to satisfy plaintiff's burden of proof. Plaintiff attempts to overcome this insufficiency by relying on Dr. Stillman's affidavit, which plaintiff submitted in response to Lilly's summary judgment motion. As numerous federal courts have recognized, however, Dr. Stillman's affidavit should be disregarded to the extent that it contradicts his deposition testimony. *See, e.g., Islam*, 2005 WL 326926, at *3 ("'[A] party's affidavit which contradicts

13

[her] own prior deposition testimony should be disregarded on a motion for summary judgment.'") (brackets in original) (*quoting Mack v. U.S.*, 814 F.2d 120, 124 (2d Cir. 1987)).

Thus, there is substantial ground for difference of opinion both as to plaintiff's burden of proof as it relates to causation and the legal effect, if any, of Dr. Stillman's affidavit.

### C. An Immediate Appeal From This Court's Order May Materially Advance The Ultimate Termination Of The Litigation

An immediate appeal under Section 1292(b) will likely facilitate the end of this litigation. A determination that plaintiff has failed to present sufficient evidence to satisfy her burden of proof as to causation would be dispositive and plaintiff's claims would fail as a matter of law.

This case, which will involve complicated issues and will require the testimony of numerous witnesses, will take approximately ten days to try before a jury. The parties and this Court will save considerable time, resources and expense if the dispositive issue of the sufficiency of plaintiff's evidence of causation is resolved prior to a jury trial. These are important and relevant factors properly considered by this Court in determining whether to certify an interlocutory appeal under Section 1292(b). *Consumer Prod. Safety Comm'n v. Anaconda Co.*, 445 F. Supp. 498, 501 (D.D.C. 1977) ("An additional factor to be considered is that protracted and expensive litigation may needlessly result if this court's decision is ultimately overturned").

### CONCLUSION

Based on the above and foregoing, Lilly respectfully requests this Court reconsider its November 30, 2007 Order denying Lilly's Motion for Summary Judgment and enter its Order granting Lilly's Motion for Summary Judgment. Alternatively, Lilly respectfully

14

requests that this Court certify its Order denying Lilly's Motion for Summary Judgment for immediate interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

        Respectfully Submitted,

        SHOOK, HARDY & BACON, L.L.P.

        /s/ Emily J. Laird
        Michelle R. Mangrum, D.C. Bar No. 473634
        John Chadwick Coots, D.C. Bar No. 461979
        Emily J. Laird, D.C. Bar No. 485890
        600 14th Street, N.W., Suite 800
        Washington, D.C. 20005-2004
        (202) 783-8400 Telephone
        (202) 783-4211 Facsimile

        **ATTORNEYS FOR DEFENDANT**
        **ELI LILLY AND COMPANY**

144155v2

## CERTIFICATE OF SERVICE

       I, the undersigned, hereby certify that a true and accurate copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, this 13th day of December, 2007, which sent notification of such filing to all counsel of record listed below.

Aaron M. Levine
Aaron Levine & Associates
1320 19th St., N.W., Suite 500
Washington, D.C. 20036

**Attorneys for Plaintiff**


      /s/ Emily J. Laird
**ATTORNEY FOR DEFENDANT**
**ELI LILLY AND COMPANY**

144155v2