**EXHIBIT 1**

113007am Deep v Eli Lilly SC.txt

1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CATHERINE ANN DEEP,                )
                                   )
        Plaintiff,                 )   Civil Action
                                   )   No. CA06-111
        v.                         )
                                   )   November 30, 2007
ELI LILLY AND COMPANY,             )   10:00 a.m.
                                   )
        Defendant.                 )   Washington, D.C.
                                   )

TRANSCRIPT OF STATUS CALL  PROCEEDINGS
BEFORE THE HONORABLE RICHARD W. ROBERTS
UNITED STATES DISTRICT JUDGE

APPEARANCES:

For the Plaintiff:      AARON M. LEVINE, ESQ.
                        LAW OFFICES AARON M. LEVINE &
                        ASSOCIATES
                        1320 19TH Street, NW
                        Washington D.C. 20036
                        (202)833-8040
                        Aaronlevinelaw@aol.com

For the Defendant:      EMILY LAIRD, ESQ.
                        JESSE WEISSHAAR, ESQ.
                        SHOOK, HARDY & BACON, LLP
                        600 14th Street, NW  Suite 800
                        Washington, D.C.  20005-2004
                        (202)783-8400
                        Elaird@shb.com

Court Reporter:         Scott L. Wallace, RDR, CRR
                        Official Court Reporter
                        Room 6509, U.S. Courthouse
                        Washington, D.C. 20001
                        202.326.0566
                        scottlyn01@aol.com

Proceedings reported by machine shorthand, transcript produced by computer-aided transcription.

Scott L. Wallace, RDR, CRR
Official Court Reporter

2

113007am Deep v Eli Lilly SC.txt

1    MORNING SESSION, NOVEMBER 30, 2007
2    (10:00 a.m.)
3         THE COURTROOM CLERK: Civil Action 06-111, Katherine Ann
4    Deep versus Eli Lilly and Company. For plaintiff, Mr. Levine;
5    for defendant, Ms. Laird.
6         THE COURT: Thank you for coming in. I want to move us
7    forward. There's certainly a summary judgment motion I'm going
8    to rule upon, and then I'm going to see what ought to be
9    happening next.
10        Eli Lilly and Company has filed a motion for summary
11   judgment on Katherine Deep's claims for negligence and strict
12   product liability. Lilly argues both that Deep cannot prove that
13   she was exposed in utero to DES and that Deep, who is over 40,
14   cannot prove by a preponderance of the evidence that the cause of
15   her infertility is DES rather than her advanced maternal age,
16   which is apparently defined in the industry as 35 or over at the
17   time of delivery.
18        Summary judgment, obviously, is granted when the movant
19   has shown that there is no genuine issue of material fact and the
20   movant is entitled to judgment as a matter of law.
21        Because Deep's evidence poses genuine issues of material
22   fact as to each of Lilly's arguments, Lilly's motion for summary
23   judgment will be denied.
24        Lilly argues that Deep cannot prove in utero exposure to
25   DES because she does not have competent admissible evidence that

Scott L. Wallace, RDR, CRR
Official Court Reporter

3

1    her mother ever ingested DES during her pregnancy with Deep.
2    However, two medical experts, Doctors Stillman and Piver,

Page 2

113007am Deep v Eli Lilly SC.txt

3  P-i-v-e-r, have testified that Deep's uterine and cervical
4  abnormalities are pathopndumonic, p-a-t-h-o-p-n-d-u-m-o-n-i-c,
5  for DES, meaning that the abnormalities are specific to a certain
6  problem or a sort of signature.
7       This evidence alone is sufficient to raise a genuine issue
8  of material fact as to Deep's in utero exposure to DES.
9       In addition, Deep's mother recalls taking DES as described
10 the pills she took, and recalls that the pill bottle was labeled
11 diethylstilbestrol, d-i-e-t-h-y-l-s-t-i-l-b-e-s-t-r-o-l, and bore
12 the name Eli Lilly, although there are no medical or
13 pharmaceutical records to buttress her memory, the prescribing
14 physician is deceased and the pill bottle that her mother recalls
15 is no longer available.
16      Lilly characterizes the mother's testimony regarding the
17 label on the pill bottle as hearsay.
18      Arguably, the mother's testimony regarding the writing on
19 the pill container is admissible under Federal Rule of Evidence
20 807, the residual exception to the hearsay rule, as having
21 equivalent circumstantial guarantees of trustworthiness. Where
22 the statement is offered as evidence of a material fact, the
23 statement is more probative on the point for which it is offered
24 than any other evidence which the proponent can procure through
25 reasonable efforts and the general purposes of the rules and the

                    Scott L. Wallace, RDR, CRR
                        Official Court Reporter

♀
                                                                    4


1  interest of justice would best be served by admission of the
2  statement into evidence.
3       Lilly also attacks the mother's memory of the label on the
4  bottle from more than 40 years ago as too old to be reliable.

113007am Deep v Eli Lilly SC.txt

5  However, old memories may be tested on cross-examination and are
6  not in and of themselves incompetent evidence.
7      In any event, other portion's of the mother's testimony on
8  the subject are not precluded by the hearsay rule.  She will be
9  allowed to describe the pills that came from the bottle and say
10 that she did ingest them.
11     If I construe all justifiable inferences from the evidence
12 to favor the nonmovant, as is required on a summary judgment
13 motion, Lilly has not shown the absence of a genuine issue of
14 material fact on the question of Deep's exposure to DES in utero.
15     As to the issue of probable cause, Lilly asserts, and Deep
16 does not dispute, that Maryland law applies in this case.
17 Maryland law requires Deep to prove her strict liability claim by
18 a preponderance of the evidence.
19     She must also prove her negligence claim by a
20 preponderance of the evidence.  In other words, Deep must show
21 that it is more likely than not that DES caused her infertility.
22 Deep can use Maryland's substantial factor test to show
23 causation.
24     The substantial factor test may be used in situations
25 where two independent causes produce an injury that would have

                    Scott L. Wallace, RDR, CRR
                    Official Court Reporter

                                                                5


1  occurred as a result of either cause alone.
2      The substantial factor test is firmly rooted in the
3  restatement second of tort's approach to approximate cause under
4  which the actor's negligent conduct is a legal cause of harm to
5  another if his conduct is a substantial factor in bringing about
6  the harm and there is no rule of law relieving the actor from

Page 4

113007am Deep v Eli Lilly SC.txt

7  liability.

8       A negligent actor may be relieved from liability by a
9  superseding cause of the harm provided the superseding cause is
10 one that so entirely supersedes the operation of the defendant's
11 negligence that it alone, without the defendant's negligence
12 contributing to it in the slightest degree, produces the injury.

13      Lilly argues that Deep's age is a superseding cause of her
14 injury. That is, that even if Deep was exposed to DES, she
15 cannot prove that it was DES rather than her advanced maternal
16 age that is causing her infertility.

17      Lilly contends that Deep's expert, Dr. Stillman, testified
18 that women of Deep's age have less than a 50 percent chance of
19 conceiving and having a live birth. However his subsequent
20 affidavit amplified in paragraph 4 that quote, "if the question
21 regards the fertility of a healthy 43-year old woman, she has a
22 60 percent chance of becoming pregnant and carrying the child to
23 term with assisted reproduction." Closed quote.

24      Dr. Stillman also testified at page 95 of his deposition
25 that "regardless of Deep's age, her malformed uterus is an

               Scott L. Wallace, RDR, CRR
                Official Court Reporter

                                                                6

1  overriding factor in her ability to bear a child."
2       While acknowledging that age affects the production of
3  viable eggs, Dr. Stillman concluded in his affidavit at paragraph
4  8 that quote, Deep's DES-caused uterine abnormalities rendered
5  her unable to carry her child. In terms of the ability to
6  conceive and carry a child to term unassisted, Deep was
7  completely infertile from the moment she was born, and this
8  condition stems entirely from her DES injury. Her age is not the

Page 5

113007am Deep v Eli Lilly SC.txt
9   major factor regarding her inability to conceive a child."
10  Closed quote.
11          Here too, then, Dr. Stillman's testimony raises a genuine
12  issue of material fact sufficient to defeat Lilly's motion for
13  summary judgment on the issue of causation, and particularly with
14  respect to the issue of whether Deep's decision not to attempt to
15  become pregnant before reaching advance maternal age constitutes
16  a superseding cause.
17          So on these facts, Lilly has not shown that no genuine
18  issue of material fact exists such that it's entitled to a --
19  entitled to judgment as a matter of law, and for those reasons
20  I'm going to deny Lilly's motion for summary judgment.
21          Ms. Romero, that's motion docketed at number 16 and that
22  motion will be denied.
23          Now, let me ask counsel, whoever is going to speak for
24  each side, come on up to the lectern there.  I wanted to find
25  out, although I have just delivered to you this decision, perhaps

                        Scott L. Wallace, RDR, CRR
                          Official Court Reporter

                                                                        7

1   you've anticipated what alternatively might happen, and in light
2   of what might happen what you might do.  I was wondering, now
3   that this summary judgment motion has been denied, if you might
4   find any profit in taking a moment to step back and reengage each
5   other lawyer-to-lawyer, reengage each other with a magistrate
6   judge, decide on some alternative, potential alternative dispute
7   resolution mechanisms to engage in now that the case is in the
8   posture that it's in now.
9           So, it's an open-ended question, really, to the lawyers.
10  Is this a profitable time to step back and take a moment before
                                Page 6

113007am Deep v Eli Lilly SC.txt

11  we barge ahead with other scheduling?
12       MR. LEVINE: Preliminarily, let me say that these cases
13  all settle. We're talking about thousands of cases that have
14  settled. Judge Kay is a master at the bringing together of the
15  parties and has done so 40, 50 times. I don't think we, the
16  plaintiff, want to burden the Court with a lot of paperwork or
17  effort if this is the natural history of these cases. On the
18  other hand, we do believe settlement is riper when there is some
19  day of reckoning.
20       So, if we could have a pre-trial date, other status
21  conference, just something that they know they have to come to, I
22  think settlement would be more conducive. To step back today, I
23  doubt that counsel has authority to enter into having
24  negotiations, but I can.
25       MS. LAIRD: Well --

                      Scott L. Wallace, RDR, CRR
                         Official Court Reporter

                                                                    8

1        THE COURT: I'm not suggesting that you all take five
2   minutes now and come back with a final report to me. I was
3   saying step back in a temporally broader sense. I'm not
4   requiring you all to come back immediately, but I did mean step
5   back, if you wanted to take several days, if you wanted to take a
6   week, if you think going back to Magistrate Judge Kay for at
7   least some initial period of time following what you would report
8   back to me, that's fine, but I'm not suggesting anybody has to
9   walk ought of this room with a signed deal.
10       MS. LAIRD: Lilly's position is that we would like to go
11  ahead and set a preconference date and all of the dates that go
12  along with that. I think in our mediation with Judge Kay, the

Page 7

113007am Deep v Eli Lilly SC.txt

13  parties were very far apart at that time.  I'm not sure that any
14  further mediations would be helpful.  That said, there is a good
15  chance that we could settle this case while we're proceeding with
16  the pre-trial requirements and getting all of those into play.
17       But on the chance that we wouldn't settle, it would be
18  beneficial for us to be moving forward and getting all of the
19  required pre-trial materials into the court and setting
20  appropriate dates at this point.
21       THE COURT:  All right.  Let me make this observation.  I
22  set trial dates once I know cases are definitely going to trial.
23  The reason I do that, and I might differ from other judges, is
24  once I give a trial date, that's a date that that party can lock
25  in and know for sure when you come in here you'll have your day

                    Scott L. Wallace, RDR, CRR
                       Official Court Reporter

                                                                 9

1   in court.  If I clog my calendar with potential trial dates or
2   double book, it runs the risk of having someone come in just
3   before a trial date and hear, well, we're double booked on that
4   day and some other case is going forward, so you're bumped.  That
5   has not been my practice.  Once I know for certain that the
6   parties have no opportunities, no chance, no hope, no wish, no
7   chance at all that something else might happen, the case gets
8   booked for trial, it's a fixed date, it's a date that you can
9   count on, and it doesn't get off my calendar unless, of course,
10  the parties settle or something else happens.
11       So, I'm reluctant to set a trial date now knowing that
12  there is still some possibility that you all would want to engage
13  in some further exploration.  I can, however, set a deadline by
14  which you all would file, for example, a joint written status

Page 8

113007am Deep v Eli Lilly SC.txt

15  report reflecting that we've reached the final end, this isn't
16  going to go anywhere, we're going to trial; or we've made some
17  progress, we'd like a little bit more time, let us file another
18  joint status report in two weeks, as an example.
19      MR. LEVINE:  Our position is that we would do everything
20  possible to save you from locking out that time on your trial
21  calendar.  Perhaps two weeks, three weeks to start negotiations
22  again.  I'm personally in negotiations with Lilly's chief counsel
23  in many of these cases, so I propose we put another status on or
24  you require us to file a joint status report in three weeks.
25  That should give us time to cut bait -- fish or cut bait.

                        Scott L. Wallace, RDR, CRR
                          Official Court Reporter

                                                                    10


1       MS. LAIRD:  Three weeks is fine with Lilly as well, Your
2   Honor.
3       THE COURT:  Let me ask you all to file a joint written
4   status report reflecting, ostensibly, where you are.  If there
5   are negotiations going on, I don't need to know details about
6   offers, counter offers or anything like that.  I'm simply looking
7   to hear from you that this case -- the negotiations are
8   continuing, give us another couple of weeks to file another joint
9   status report, or, we haven't really started in earnest yet
10  because of the holidays, give us another couple weeks, or, we
11  have gone as far as we can, it's clear to both sides that we're
12  going to have to try this, please set this case down for a
13  scheduling conference to get the trial and pre-trial dates fixed.
14      But I'll be happy to give you that three-week period.  Let
15  me ask you to file by December 21st a joint status report and a
16  proposed order attached to it with whatever you're seeking.

Page 9

113007am Deep v Eli Lilly SC.txt

17    MR. LEVINE: Thank you, Your Honor.
18    THE COURT: All right. Anything else we need to take up?
19    MS. LAIRD: No, Your Honor.
20    MR. LEVINE: No, sir.
21    THE COURT: All right. Thank you very much for coming in.
22 You may be excused.
23        And by the way, if at any point during your talks in
24 the next few days or so you think it would be wise to return
25 to Magistrate Judge Kay, please feel free to contact his

                    Scott L. Wallace, RDR, CRR
                      Official Court Reporter

                                                                    11

1  chambers and ask for time on his calendar. As you mentioned,
2  he's very good at -- as Roger Fisher from Harvard's Project
3  says, Getting to Yes. All right. Thank you.
4        MR. LEVINE: Thank you.
5        (Proceedings adjourned at 10:15 a.m.)
6
7                    C E R T I F I C A T E
8
9
10             I, Scott L. Wallace, RDR-CRR, certify that
11        the foregoing is a correct transcript from the record of
12        proceedings in the above-entitled matter.
13
14
15             ------------------------------
                    Scott L. Wallace, RDR, CRR
16                    Official Court Reporter
17
18

113007am Deep v Eli Lilly SC.txt

19
20
21
22
23
24
25

                        Scott L. Wallace, RDR, CRR
                         Official Court Reporter