**EXHIBIT 6**

**Westlaw.**

Not Reported in F.Supp.2d                                                                                                              Page 1
Not Reported in F.Supp.2d, 2000 WL 673936 (D.D.C.), 2000-1 Trade Cases P 72,820
**(Cite as: 2000 WL 673936 (D.D.C.))**

HUnited States District Court, District of Columbia.
In re: VITAMINS ANTITRUST LITIGATION.
(This Document Relates to: All Actions.)
**No. 99-197 (TFH).**

Jan. 27, 2000.

Ann C. Yahner of Cohen, Milstein, Hausfeld & Toll, Washington, D.C., Jonathan D. Schiller of Boies & Schiller, Washington, D.C., Kenneth L. Adams of Dickstein, Shapito, Morin & Oshinsky, Washington, D.C., John W. Sharbrough, III, Mobile, Ala, Steven A. Martino of Jackson, Taylor & Martino, Mobile, Ala., M. Stephen Dampier, P. Dean Waite, Jr., and Mary E. Snow of the Sharbrough Law Firm, Mobile, Ala., Bruce H. Simon of Cohen, Weiss & Simon, New York, N.Y., M. Eric Frankovitch of Frankovitch, Anetakis, Colantonio & Simon, Weirton, W.Va., S.M. Recht of the Recht Law Offices, Weirton, W.Va., Craig C. Corbitt of Furth, Fahrner & Mason, San Francisco, Cal., Steven O. Sidener of Gold, Bennett & Cera, San Francisco, Cal., Richard A. Arnold of Kenny, Nachwalter, Seymour, Arnold, Critchlow & Spector, Miami, Fla., Joseph M. Vanek of Daar, Fisher, Aris & Vanek, Chicago, Ill., Gerald G. Saltarelli of Butler, Rubin, Saltarelli & Boyd, Chicago, Ill., for plaintiffs.

Bruce L. Montgomery of Arnold & Porter, Washington, D.C., George T.Manning of Jones, Day, Reavis & Pogue, Washington, D.C., Tyrone C. Fahner of Mayer, Brown & Platt, Chicago, Ill., Scott W. Muller of Davis, Polk & Wardwell, Washington, D.C., Lawrence Byrne of Squadron, Ellenoff, Plesent & Sheinfeld, New York, N.Y., Karen N. Walker and Jeffrey B. Clark of Kirkland & Ellis, Washington, D.C., Jonathan L. Greenblatt of Shearman & Sterling, Washington, D.C., James R. Weiss of Preston, Gates, Ellis & Rouvelas Meeds, Washington, D.C., Kurt S. Odenwald, Jim J. Shoemake and Kevin K. Spradling of Guilfoil, Petzall & Shoemake, St. Louis, Mo., Paul H. Friedman of Arter & Hadden, Washington, D.C., Donald I. Baker of Baker & Miller, Washington, D.C., John M. Majoras of Jones, Day, Reavis & Pogue, Cleveland, Ohio, S. Benjamin Bryant of Allen, Guthrie & McHugh, Charleston, W.Va., Michael E. Nogay of Sellitti, Nogay & McCune, Weirton, W.Va., Erin R. Brewster of MacCorkle, Lavendere & Casey, Charleston, W.Va., Michael L. Denger of Gibson, Dunn & Crutcher, Washington, D.C., Stephen Fishbein of Shearman & Sterling, New York, N.Y., John W. Kern, IV, of Janis, Schuelke & Wechsler, Washington, D.C., Amy L. Bess of Sonnenschein, Nath & Rosenthal, Washington, D.C., George J. Terwilliger of McGuire, Woods, Battle & Boothe, Washington, D.C., and Kevin R. Sullivan of King & Spalding, Washington, D.C., for defendants.

Theodore V. Cacioppi and Craig M. Walker of Rogers & Wells, New York, N.Y., for Amicus Curiae.

MEMORANDUM OPINION-Re: Motion to Amend and Certify Nov. 23, 1999 Order

HOGAN, J.

Sherman Act

*1 Appeals-Interlocutory Appeal-Class Action-Price Fixing-Final Judgment-Vitamins.-An interlocutory order that gave preliminary approval to a settlement in a price fixing conspiracy claim against vitamin manufacturers could not be appealed, since no exceptional circumstance existed to justify review before final judgment. The order presented no controlling questions of law, since the controlling question of law had not yet been resolved by the court. No substantial ground for difference of opinion existed. Immediate interlocutory appeal would prolong and substantially delay the litigation.

See ¶ 9228.16.

Pending before the Court is petitioners' Motion to Amend and Certify the Court's November 23, 1999 Order for Immediate Appeal. [FN1] Upon careful consideration of petitioners' motion, the opposition of certain defendants, the petitioners' reply, and the entire record herein, the Court will deny the motion to amend and certify its November 23, 1999 order.

> FN1. This Motion was filed by attorneys for all plaintiffs in *Tyson Foods, Inc., et al., Blue Seal Feeds, Inc., et al., Cactus Operating Ltd., et al., Southern States Cooperative, Inc., et al., Marshall Durbin Farms, Inc., et al., The Quaker Oats Co., et al.* and attorneys for Hill's Pet Nutrition Inc. Plaintiffs Nutra-Blend L .L.C. and Foster

Not Reported in F.Supp.2d                                                                                           Page 2
Not Reported in F.Supp.2d, 2000 WL 673936 (D.D.C.), 2000-1 Trade Cases P 72,820
**(Cite as: 2000 WL 673936 (D.D.C.))**

Poultry Farms, Inc. have filed joinders to this Motion.

### Background

This class action arises out of a worldwide conspiracy or conspiracies to fix prices and allocate markets for the sale of bulk vitamins. On November 3, 1999, Class Plaintiffs and Defendants brought a proposed settlement to the Court. This settlement was revealed to all interested parties at a status conference held on November 3, at which time Class Plaintiffs filed their motion for preliminary approval of the settlement and form and manner of notice to the classes. The Court issued an order on November 4, allowing all objecting parties to file their motions to intervene and responses to the proposed settlement. On November 23, 1999, after considering all of the responses by objecting parties as well as the arguments made at the November 22, 1999 hearing on preliminary approval, this Court entered an opinion and order granting preliminary approval and denying the motions to intervene. [FN2]

> FN2. The Court granted the objecting parties leave to participate as *amici curiae.*

On December 2, 1999, petitioners brought this motion, asking the Court to amend its November 23, 1999 order to include findings necessary to certify the Order for immediate appeal under 28 U.S.C. § 1292(b). Specifically, petitioners seek to appeal the Court's decision not to condition preliminary approval of the proposed settlement on deletion of the plaintiff most-favored nations clause. Defendants Hoffman-La Roche, Inc., Roche Vitamins Inc., Daiichi Pharmaceutical Corp., Daiichi Fine Chemicals, Inc., Eisai Inc., Eisai USA, Inc., Rhone-Poulenc Animal Nutrition, Inc., Takeda Vitamin & Food USA, Inc., and BASF Corp. oppose this motion.

### Discussion

Interlocutory review is governed by 28 U.S.C. 1292(b), which provides, in pertinent part, that:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

*2 A district court may certify an order for interlocutory appeal when three conditions are met: (1) the order involves a controlling question of law, (2) a substantial ground for difference of opinion concerning the question exists, and (3) an immediate appeal would materially advance the disposition of the litigation. 28 U.S.C. § 1292(b). [FN3] In deciding whether to grant an interlocutory appeal, the District of Columbia circuit follows the collateral order doctrine. *See* GTE New Media Services, Inc. v. Ameritech Corp., et al. [1999-2 TRADE CASES ¶ 72,660], 44 F.Supp.2d 313, 316 (D.D.C.1999) (*citing* United States v. Rostenkowski, 59 F.3d 1291, 1296 (D.C.Cir.1995)). Under the collateral order doctrine, a district court's order may be appealed only when it: (1) conclusively determines the disputed question, (2) resolves an important issue completely separate from the merits of the action, and (3) would be effectively unreviewable on appeal from final judgment. In this case, the Court has only granted preliminary approval of a settlement proposal; therefore, there has been no conclusive determination of the validity of the most-favored nations clause. In fact, the Court expressly held in its November 23, 1999 opinion that it reserved the discretion to ultimately consider and rule upon the proper scope and duration of the most-favored nations clause at the final fairness hearing. *See* November 23, 1999 Memorandum Opinion at 10. Petitioners argue that since the opt-out date is set a month and a half before the fairness hearing, they will have to decide whether or not to join the settlement before hearing the Court's decision on the validity of the most-favored nations clause. Therefore, petitioners argue, the Court should certify the November 23, 1999 order for immediate appeal.

> FN3. Each element of the section 1292(b) test must be met before certification may be granted. *See, e.g.,* Kirkland & Ellis v. CMI Corp., 1996 WL 674072 at *2 (N.D.Ill. Nov. 19, 1996); Litton Industries, Inc. v. Lehman Brothers Kuhn Loeb. Inc., et al., 1989 WL 162315 at *5 (S.D.N.Y. August 4, 1989).

However, the law is clear that certification under § 1292(b) is reserved for truly exceptional cases. *See* Tolson v. United States, 732 F.2d 998, 1002 (D.C.Cir.1984) ("Section 1292(b) is meant to be applied in relatively few situations and should not be read as a significant incursion on the traditional federal policy against piecemeal appeals.") Accordingly, a party seeking immediate review of an otherwise non-appealable interlocutory order bears the "burden of showing that exceptional

© 2007 Thomson/West. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d                                                                                                          Page 3
Not Reported in F.Supp.2d, 2000 WL 673936 (D.D.C.), 2000-1 Trade Cases P 72,820
**(Cite as: 2000 WL 673936 (D.D.C.))**

circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *First American Corp., et al. v. Al-Nahyan, et al.,* 948 F.Supp. 1107, 1116 (D.D.C.1996). Because petitioners have not met their burden in this case, the request to amend and certify the Court's November 23, 1999 order will be denied.

I. The November 23, 1999 Order Presents No Controlling Question of Law

First, petitioners have not persuaded the Court that its November 23, 1999 order presents a controlling question of law. Under section 1292(b), a controlling question of law is one that would require reversal if decided incorrectly or that could materially affect the course of the litigation with resulting savings of the court's or the parties' resources. *Kirkland & Ellis,* 1996 WL 674072 at *3. As discussed above, this Court has not yet resolved any controlling question of law; it has merely granted preliminary approval to the proposed settlement. A court must grant preliminary approval if the proposed settlement is "within the range of possible approval." *See* Manual for Complex Litigation, Third, § 30.41 (West 1999). Moreover, preliminary approval of a proposed settlement to a class action lies within the sound discretion of this district court and such preliminary approval is rarely, if ever, overturned on appeal. *See In re Southern Ohio Correctional Facility,* 173 F.R.D. 205, 211 (S.D.Ohio 1997). Whether or not this settlement proposal is appropriate is largely a factual question that will be resolved at the conclusion of the fairness hearing. At this point, an appeal based on the alleged invalidity of the most-favored nations clause, is both unwarranted and premature. [FN4]

> FN4. The ultimate scope and duration of the most-favored nations clause is an issue that cannot be resolved until after the fairness hearing.

II. Petitioners Have Not Shown A Substantial Ground for Difference of Opinion

*3 Moreover, even if there were a threshhold legal question, petitioners have not made the second necessary showing required by the statute that "there is a substantial ground for difference of opinion." In essence, Petitioners rely on their disagreement with the Court's November 23, 1999 ruling as well as the acknowledged lack of precedent on this issue to demonstrate a substantial ground for difference of opinion. However, mere disagreement, even if vehement, with a court's ruling does not establish a "substantial ground for difference of opinion" sufficient to satisfy the statutory requirements for an interlocutory appeal. *First American Corp.,* 948 F.Supp. at 1116;*see also Kirkland & Ellis,* 1996 WL 674072 at *4 ("Interlocutory review should not be used merely to provide a review of difficult rulings in hard cases."). Moreover, while it is true that the contested most-favored-nations clause in this proposed settlement is unprecedented in duration, "neither unusual facts nor legal issues of first impression require, or in this instance justify, certification of an interlocutory appeal." *Id.* at 1117. As the caselaw makes clear, a substantial ground for difference of opinion under section 1292(b)requires far more than petitioners allege here. *See, e.g., Johnson v. Washington Area Transit Auth.,* 790 F.Supp. 1174, 1180 (D.D.C.1991) (granting 1292(b) certification where "[t]here is a possible intracircuit split on [the disputed] issue [and e]ven absent this split the case law is confused." Petitioners have not cited a single case antagonistic to the most-favored-nations clause they challenge. Furthermore, in cases of first impression, the moving party must demonstrate that there is a substantial likelihood that the district court's ruling will be reversed on appeal. *Kirkland & Ellis,* 1996 WL 674072 at *4-5. In this case, petitioners have not met their burden of showing either a substantial ground for difference of opinion or a substantial likelihood of reversal on appeal. [FN5]

> FN5. Petitioners assert that they believe there is some possibility that the court's decision will be reversed, and that they are thus placed in an untenable position concerning settlement. Petitioners further contend that if the court's decision on the most-favored nations clause were reversed after final approval, the entire process of notice and approval would have to begin anew. The court is cognizant of these factors, but is not of the opinion that they are significant enough to except the case sub judice from the strong federal policy against piecemeal appeals.

III. Immediate Appeal Will Not Materially Advance Ultimate Termination of this Case

Most importantly, the Court finds that an immediate

© 2007 Thomson/West. No Claim to Orig. US Gov. Works.

Case 1:06-cv-00111-RWR   Document 22-8   Filed 12/13/2007   Page 5 of 5

Not Reported in F.Supp.2d                                                                                                    Page 4
Not Reported in F.Supp.2d, 2000 WL 673936 (D.D.C.), 2000-1 Trade Cases P 72,820
**(Cite as: 2000 WL 673936 (D.D.C.))**

interlocutory appeal will prolong and substantially delay this litigation. Class counsel have explained that the inclusion of the most-favored-nations clause was instrumental in achieving this proposed settlement. Moreover, as the Court explained in its November 23, 1999 opinion, the Court will thoroughly consider all objections to this settlement agreement at the fairness hearing. Allowing interlocutory appeal would only serve to delay this hearing and could ultimately destroy the settlement. [FN6] Under these circumstances, an unnecessary interlocutory appeal would only prolong the life of this litigation at all the parties' expense. *See Danaher Corp. v. Natl. Union Fire Insurance Co. of Pittsburg, Inc., 1996 WL 65449* at *2 (E.D.Pa.1996) (Denying motion to certify because "[a]llowing immediate appeal ... would not promote the efficient use of scarce judicial resources because it would unreasonably delay litigation in the district court, allow piecemeal appeals, and force courts of appeals to become embroiled in factual details, a task for which they are not suited.")

> FN6. Part of the attractiveness of this settlement proposal to both sides has been the inclusion of a most-favored nations clause as well as the promise of a prompt resolution of this dispute.

### Conclusion

*4 For the foregoing reasons, petitioners' motion pursuant to 28 U.S.C. § 1292(b) to amend and certify the November 23, 1999 Order for immediate appeal is denied. An order will accompany this Opinion.

Not Reported in F.Supp.2d, 2000 WL 673936 (D.D.C.), 2000-1 Trade Cases P 72,820

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. US Gov. Works.