# Appendix 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CATHERINE ANN DEEP, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION No. 1:06-cv-00111-RWR |
| ) | |
| ELI LILLY AND COMPANY. ) | |
| ) | |
| Defendant. ) | |

### DEFENDANT ELI LILLY AND COMPANY'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

### INTRODUCTION

Plaintiff's Opposition to Defendant Eli Lilly and Company's ("Lilly") Motion for Summary Judgment ("Plaintiff's Opposition") offers argument and speculation as fact and inadmissible evidence in opposition to Lilly's Motion for Summary Judgment. Plaintiff has failed to identify admissible testimony from a single witness, or any medical or pharmacy records, establishing that she was exposed to DES *in utero* in 1961-62. Furthermore, plaintiff cannot establish causation under Maryland's preponderance of the evidence standard as a matter of law. For these reasons, Lilly is entitled to summary judgment.

### STATUS OF STATEMENT UNCONTROVERTED MATERIAL FACTS

1. Uncontroverted.

2. Uncontroverted.

3. Uncontroverted. Plaintiff's response to Lilly's Undisputed Material Fact No. 3 does not create a genuine issue of material fact that precludes entry of summary judgment.

2453952v1

probability that DES exposure caused plaintiff's inability to have a baby as opposed to other risk factors, including her advanced maternal age:

> Q:   Can you say that it is more likely than not, that it is more likely than not that Mrs. Deep, but for her DES exposure, would have a child?
> ...
> THE WITNESS:   *I think her age is a contributing factor. I think her uterus is a contributing factor.* If she did an IVF cycle with a gestational carrier, you would need that test to see how she responded. She did have a normal Clomid challenge test, normal – evidence of ovarian function as best we can tell, but as we discussed before, that's an imperfect test, but it's the only one we have without doing a stimulation. If she stimulated well an had good embryos, she, among 43-year-olds, if into a gestational carrier, might very well conceive and have a normal child. *Without that, it's hard – it's hard to know which one is the majority factor.*

Exhibit 8 to Memorandum in Support of Lilly's Motion for Summary Judgment, p. 93, lines 3-20 (emphasis supplied). Dr. Stillman's testimony on the issue of causation could not be more clear – he cannot determine if plaintiff's uterus or her age was the majority factor affecting her fertility. *Id.* Plaintiff's claim that her alleged DES-related injuries "took all of that potential away" (Plaintiff's Opposition, p. 16) is nothing more than unsupported argument that assumes what her own expert cannot – that DES was the primary cause of her fertility issues. As such, plaintiff's argument must be rejected.

Dr. Stillman's affidavit, apparently offered by plaintiff to shore-up his sworn deposition testimony, should be disregarded in its entirety. *See* Plaintiff's Opposition, Appendix 9. While Dr. Stillman claims in his affidavit to be correcting claimed distortions, selective quotes and mischaracterizations of his deposition testimony, he clearly is contradicting and attempting to explain away his unequivocal testimony through his affidavit. "Plaintiff cannot create or resurrect a genuine issue of material fact and thereby defeat summary judgment by

14

filing a self serving affidavit that contradicts previous sworn testimony....The objectives of summary judgment would be seriously impaired if the district court were not free to disregard such an affidavit." *Islam*, 2005 WL 3262626, at *3 (citations omitted).

Plaintiff also attempts to sidestep controlling Maryland law regarding causation and instead claims that *Kramer v. Eli Lilly and Company*, Civil Action No. 03-02325 (D.D.C. May 9, 2005), is controlling. Even if the Court accepts plaintiff's argument that *Kramer* is controlling (which Lilly disputes), *Kramer* does not support plaintiff's position. First, *Kramer* is not binding on this Court. *Lewis, supra*, 727 A. 2d at 302. Second, in *Kramer*, the court specifically noted that one of plaintiff's experts, Dr. Merle Berger, opined that "[i]n his opinion, a woman who had not been exposed to DES and had a decreased ovarian reserve similar to Kramer's would have a 70% chance of having a child if she used a donor egg, as compared to 10% for Kramer." *Kramer*, Appendix 16 to Plaintiff's Opposition, at p. 6. The court also noted that Dr. Berger expressed the view, among others, that plaintiff's alleged DES exposure was a *substantial* contributing factor in her infertility. *Id.* As such, the court found that there was a genuine issue of material fact regarding whether and to what extent DES caused plaintiff's infertility. *Id.*

Here, plaintiff's expert, Dr. Stillman, unequivocally testified that plaintiff's uterus was a *contributing* factor affecting her fertility and that, between her uterus and her advanced maternal age, it is "hard to determine which is the majority factor." Exhibit 8 to Memorandum in Support of Lilly's Motion for Summary Judgment, p. 93, lines 3-20. He also testified that a woman of 43 without uterine abnormalities would not have a 50% chance of conceiving. *See* ¶ 14, *supra*. As such, plaintiff's evidence of causation does not rise beyond the level of conjecture and speculation.

15

2453952v1