IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CATHERINE ANN DEEP,** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> vs. ) <br> ) <br> **ELI LILLY AND COMPANY,** ) <br> ) <br> **Defendant**. ) | CIVIL ACTION No. 1:06-cv-00111-RWR |

**DEFENDANT ELI LILLY AND COMPANY'S REPLY IN SUPPORT
OF ITS MOTION FOR RECONSIDERATION OR, IN THE ALTERNATIVE,
FOR CERTIFICATION FOR SECTION 1292(b) INTERLOCUTORY APPEAL**

       Plaintiff's Opposition to Defendant Eli Lilly and Company's Memorandum in Support of Its Motion for Reconsideration or, in the Alternative, for Certification for Section 1292(b) Interlocutory Appeal ("Plaintiff's Opposition") misses the mark entirely. Plaintiff's motion evidences her misunderstanding of the basic argument upon which the motion of Eli Lilly and Company ("Lilly") hinges: that under Maryland law, plaintiff must prove causation by a preponderance of the evidence **regardless of which test this Court applies to evaluate causation** in this case. As set forth in Lilly's Motion for Summary Judgment, its Reply in Support of its Motion for Summary Judgment, and its Motion for Reconsideration or, in the Alternative, for Certification for Section 1292(b) Interlocutory Appeal ("Motion for Reconsideration"), plaintiff cannot meet her burden of proof on causation under Maryland law. Lilly, therefore, respectfully requests this Court to reconsider its decision denying summary judgment. In the alternative, Lilly requests that the Court certify its Order denying Lilly's

144512v2

Motion for Summary Judgment on the issue of causation for interlocutory appeal pursuant to 28 U.S.C. Section 1292(b).

## I. RECONSIDERATION OF LILLY'S MOTION FOR SUMMARY JUDGMENT IS APPROPRIATE AND WARRANTED

Plaintiff claims that reconsideration is inappropriate because Lilly has not shown a clear error of law but has merely repeated arguments asserted in its Motion for Summary Judgment. Plaintiff's Opposition, at 1-2. This is simply not the case. As one of the cases cited by plaintiff states, reconsideration of an order that does not constitute a final judgment is appropriate "as justice requires." *Singh v. George Wash. Univ.*, 383 F. Supp. 2d 99, 101 (D.D.C. 2005).

> Justice may require revision when the Court has . . . made an **error** not of reasoning but **of apprehension** . . . . Errors of apprehension may include a Court's failure to consider controlling decisions or data that might reasonably be expected to alter the conclusion reached by the court.

*Id*. (internal quotes and citations omitted, emphasis added). In its Motion for Reconsideration, Lilly argued that this Court failed to consider the import of controlling decisions relating to plaintiff's burden of proof as to causation and relating to sham affidavits. It is Lilly's position that analysis and consideration of such precedent warrants reconsideration of this Court's decision denying Lilly's Motion for Summary Judgment.

## II. PLAINTIFF MISUNDERSTANDS LILLY'S CAUSATION ARGUMENT

Plaintiff's Opposition centers around plaintiff's argument that the substantial factor test applies in this case. However, Lilly's contention is that plaintiff cannot meet her **burden of proof** – a burden that, unfortunately for plaintiff, does not change based upon which test a court employs in evaluating other potential contributors to plaintiff's alleged injury.

Regardless of whether Maryland courts apply the but-for test or the substantial factor test to determine the sufficiency of a plaintiff's causation evidence, "the focus remains on the fundamental and sometimes metaphysical inquiry into the nexus between the defendant's negligent act and the resultant harm to the plaintiff." *Yonce v. SmithKline Beecham Clinical Labs., Inc.*, 680 A.2d 569, 576 (Md. Ct. Spec. App. 1996). Applying Maryland law, under either test, a plaintiff has the burden of proving by a preponderance of the evidence that it is more probable than not that the defendant's conduct caused the plaintiff's harm. *See generally Mayer v. N. Arundel Hosp. Assoc., Inc.*, 802 A.2d 483, 489 & 492-93 (Md. Ct. Spec. App. 2002) (recognizing both the but-for test and the substantial factor test and detailing the plaintiff's burden of proof regarding causation); *Fennell v. Southern Md. Hosp. Ctr.*, 580 A.2d 206, 211 (Md. 1990) (recognizing Maryland's preponderance of the evidence standard for causation); *Pierce v. Johns-Manville Sales Corp.*, 464 A.2d 1020, 1026 (Md. 1983) (same); *Davidson v. Miller*, 344 A.2d 422, 427-28 (Md. 1975) (same); *Owens v. Bourns, Inc.*, 766 F.2d 145, 150-51 (4th Cir. 1985) (same). In cases like this one that involve complex questions of medical causation, plaintiffs must meet their burden of proof regarding causation by using expert testimony.[1]

Because of this preponderance of the evidence standard, Maryland courts have rejected so called "loss of chance" claims. Plaintiff is incorrect in her assertion that "loss of chance" cases are inapplicable to the case at hand. In fact, it is clear that under Maryland law, loss of chance claims include claims like plaintiff's for "loss of chance of a positive or more desirable medical outcome." *Fennell*, 580 A.2d at 208. Plaintiff, without citing supporting

---

[1] *See, e.g., Aventis Pasteur, Inc. v. Skevofilax*, 914 A.2d 113, 135 (Md. 2007). By no stretch of the imagination can plaintiff supply this required expert testimony by her recitation of a handful of celebrities who were able to have children beyond the age of 40. *See* Plaintiff's Opposition, at 5.

3

authority, asserts that loss of chance claims are limited only to a small sub-set of medical malpractice cases. Plaintiff's Opposition, at 5-6. This is incorrect. *See generally*, *e.g.*, *Cipollone v. Liggett Group, Inc.*, 683 F. Supp. 1487, 1493-94 (D.N.J. 1988) (predicting that the New Jersey Supreme Court would not allow loss of chance claims in product liability cases because of the court's unwillingness to stray from traditional causation requirements).

Another products liability case makes clear plaintiff's burden of proof as to causation. In *Marder v. G.D. Searle & Co.*, 630 F. Supp. 1087, 1095 (D. Md. 1968) (applying Maryland law), the court held that plaintiffs failed as a matter of law to provide sufficient evidence of causation in their products liability claims against an intrauterine device ("IUD") manufacturer. In that case, the plaintiffs alleged that the IUD caused pelvic inflammatory disease, ectopic pregnancy, and perforation of the uterus. *Id*. at 1088. After stating that "it is the plaintiff's burden to prove causation, as well as the other basic elements of liability," *id.*, the court noted that "special care should be taken when assessing the sufficiency of causation evidence." *Id*. at 1089.

The *Marder* court assessed the causation evidence presented by the expert witnesses and determined that none of the expert testimony in the case was "sufficient to support a finding of a reasonable probability of causation." *Id*. at 1094. Specifically, two epidemiologists testified that the IUD caused less than a 50% chance of increased risk of pelvic inflammatory disease. The court held that this testimony "brings the plaintiffs out of the range of probability and into mere speculation and possibility." *Id*. at 1092. Regarding this 50% standard, the court explained, "[i]n epidemiological terms, a two-fold increased risk is an important showing for plaintiffs to make because it is the equivalent of the required legal burden

of proof – a showing of causation by the preponderance of the evidence or, in other words, a probability of greater than 50%." *Id.*

Because plaintiff presented evidence only of the "possibility" – less than a 50% chance – rather than the "probability" – greater than a 50% chance – that defendant's products caused plaintiffs' injuries, the court held that "plaintiffs failed to present sufficient evidence of causation and a verdict must be entered in favor of defendant." *Id.* at 1095. As in *Marder*, plaintiff in this case can meet her burden of proof as to causation only with evidence that it was more likely than not – a greater than 50% chance – that DES caused plaintiff's injury. This, she cannot do.

Plaintiff also incorrectly asserts that the public policy rationale Maryland courts give for rejecting loss of chance claims does not apply to plaintiff's case. Plaintiff's Opposition, at 5-6. Yet the reasons Maryland courts cite for rejecting such claims are directly applicable here. Maryland courts have been "unwilling to relax traditional rules of causation" and, therefore, have refused to recognize a claim that a defendant caused a plaintiff to lose less than a 50% chance of a positive outcome. *Fennell*, 580 A.2d at 211; *Goldberg*, A.2d at 718. *See also Cooper v. Hartman*, 533 A.2d 1294, 1296-97 (Md. 1987) (noting that "traditional rules" require plaintiff to "demonstrate a better than even chance of recovery" absent the harm defendant allegedly caused and that, "under traditional approaches, any injury suffered by the patient would not be compensable because it did not appear more likely than not that the patient would have survived with proper care"). Furthermore, courts have held that "[r]ecognition of loss of chance damages would allow a new form of damages as well as allow [claims] by an entirely new class of plaintiffs who traditionally have had no cause of action at common law." *Fennell*, 580 A.2d at 214-15 (also citing fears of a "substantial explosion of tortfeasor liability and the accompanying

5

144512v2

societal costs"). This rationale is directly applicable to plaintiff's claim that Lilly should be responsible for her alleged inability to have a child – something that, as a 43-year-old[2], she has a less than 50% chance of having to begin with.

Thus, unless a plaintiff can prove that the defendant caused a loss of greater than 50% chance of a better outcome, Maryland courts hold that "actual demonstrable harm, in all probability, did not occur." *Fennell*, 580 A.2d at 215. Because plaintiff failed to present expert testimony that she lost **more than a 50% chance** conceiving and carrying a child to term due to Lilly's conduct[3], her claim fails as a matter of law. *See Fennell*, 580 A.2d at 211; *Cooper*, 533 A.2d at 1299-1300.

### III. SECTION 1292(b) CERTIFICATION OF THE ISSUE OF CAUSATION IN FACT IS WARRANTED

In Plaintiff's Opposition, she argues that Lilly has failed to satisfy the standard for granting Section 1292(b) certification of the issue of causation. As stated in Lilly's Motion for Reconsideration, and as this Court has repeatedly recognized, certification pursuant to Section 1292(b) is proper when "(1) the order involves a controlling question of law, (2) a substantial

---

[2] Plaintiff's hypothesis that she could not have a baby at the age of twenty-five, *see* Plaintiff's Opposition, at 6, is purely speculative and, at any rate, is inapposite to her claim today that she cannot have a child. *Cf. Doty v. Sewall*, 908 F.2d 1053, 1059 (1st Cir. 1990) ("In personal injury law, it is well settled that in an action for damages, the tortfeasor 'takes his victim as he finds him'").

[3] Plaintiff's Opposition does nothing to diminish Lilly's argument that Dr. Stillman's testimony, when read in context, indicates that plaintiff, as a 43-year-old woman, had a less than 50% chance of having a child. Plaintiff blatantly distorts Dr. Stillman's deposition testimony by claiming that Dr. Stillman testified that plaintiff had a 60% chance of conception. *See* Motion for Reconsideration, at 10-11 n.2. Also, plaintiff's claim that Dr. Stillman's testimony about the "general population" of 43-year-old women is "irrelevant" to plaintiff is belied by Dr. Stillman's testimony placing plaintiff into this population. Dr. Stillman's Deposition ("Stillman Depo."), Exhibit 3 to Motion for Reconsideration, p. 98, lines 12-14. Further, plaintiff's claim that Dr. Stillman – an experienced, paid expert who has testified in dozens of DES cases – was confused when asked by Lilly's counsel to state plaintiff's chances of having a child at 43-years-old is disingenuous, at best.

144512v2

ground for difference of opinion concerning the question exists, and (3) an immediate appeal would materially advance the disposition of the litigation." *In re Vitamins Antitrust Litigation*, No. 99-197, 2000 WL 673936, at *2 (D.D.C. Jan. 27, 2000), Exhibit 6 to Motion for Reconsideration.

    A.    **This Court's Denial Of Lilly's Motion For Summary Judgment On The Issue Of Causation Involves A Controlling Question Of Law**

Plaintiff and Lilly agree that a question of law is considered "controlling" under Section 1292(b) if it "is one that would require reversal if decided incorrectly or that could materially affect the course of litigation with resulting savings of the court's or the parties' resources." *APCC Servs., Inc. v. Sprint Communications Co., L.P.*, 297 F. Supp. 2d 90, 95-96 (D.D.C. 2003) (*citing Judicial Watch, Inc. v. Nat'l Energy Policy Dev. Group,* 233 F. Supp. 2d 16, 19 (D.D.C. 2002)). Stated otherwise, "issues that would terminate an action if the district court's order were reversed" are controlling questions of law. *APCC Servs., Inc.*, 297 F. Supp. 2d at 96.

Plaintiff concedes that "the issue of causation is a 'controlling'" question of law, but contends that "the issue of Dr. Stillman's affidavit" does not present a controlling question of law. Plaintiff's Opposition, at 10. Plaintiff argues that "[t]he Court relied on both Dr. Stillman's affidavit and on statements in his deposition testimony." *Id*. at 11. Therefore, plaintiff states, the "issue of Dr. Stillman's affidavit" could not be a controlling question of law because the Court's refusal to consider the affidavit would not "guarantee" a reversal of the Court's Order. *Id*. This argument assumes too much. It assumes that Dr. Stillman's deposition testimony alone is sufficient to meet plaintiff's burden to prove causation. As stated in more detail above and in Lilly's briefing on its Motion for Summary Judgment and Motion for Reconsideration, Dr.

7

Stillman could not testify in his deposition that there was more than a 50% probability that DES, as opposed to any other risk factor, caused plaintiff's inability to have a child. Stillman Depo., p. 93, lines 3-20. As such, plaintiff cannot rely upon his testimony to prove causation.

Moreover, the issue of the Court's consideration of Dr. Stillman's affidavit is inexorably tied to the issue of causation in this case. Indeed, this Court based its denial of Lilly's Motion for Summary Judgment on its determination that plaintiff could "use Maryland's substantial factor test to show causation" **and** on the information presented in Dr. Stillman's affidavit. Transcript of Status Call Proceedings, Exhibit 1 to Motion for Reconsideration, p. 4, lines 22-23; p. 6-7, lines 19-10. In other words, the Court relied on the information presented in Dr. Stillman's affidavit in finding that DES was a substantial factor causing plaintiff's alleged injury. Thus, Maryland law regarding proof of causation and regarding sham affidavits converge in this case to affect the ultimate issue of causation. If the Court's determination as to either of these issues is reversed, summary judgment would be appropriate. Thus, this Court's Order denying Lilly's Motion for Summary Judgment involves controlling questions of law. *See APCC Servs., Inc.*, 297 F. Supp. 2d at 95-96.

**B.    There Is Substantial Ground For Difference Of Opinion About This Court's Ruling That Dr. Stillman's Deposition Testimony And Affidavit Establish Causation In This Case**

As this Court has recognized, a substantial ground for difference of opinion exists when the order in question "is in irreconcilable conflict with other courts" addressing the same issues. *Singh v. George Wash. Univ.*, 383 F. Supp. 2d 99, 104 (D.D.C. 2005). Substantial ground for difference of opinion exists about this Court's ruling that Dr. Stillman's deposition testimony and affidavit establish sufficient evidence of causation in this case.

8

144512v2

Lilly does not dispute that Maryland has adopted and commonly uses the substantial factor test for establishing causation. This, however, does not mean that there is not substantial ground for difference of opinion with respect to the Court's Order denying Lilly's Motion for Summary Judgment. The substantial ground for difference of opinion arises regarding this Court's application of the substantial factor test in the present case in light of the well-established principle of Maryland law that plaintiff bears the burden of proving all elements of a cause of action – including causation – by a preponderance of the evidence.[4] The Maryland Supreme Court has clearly established that to meet this burden, plaintiff must show that her injuries were **more likely than not** – a greater than 50% likelihood – caused by Lilly. *Fennell*, 580 A.2d at 211. It is Lilly's position that this Court's denial of its Motion for Summary Judgment is at odds with Maryland precedent and, thus, creates substantial ground for difference of opinion concerning the controlling law regarding causation and its application to the facts of this case.

There also exists a substantial ground for difference of opinion regarding this Court's consideration of Dr. Stillman's "sham affidavit." Despite plaintiff's argument to the contrary, Dr. Stillman's affidavit does not merely explain portions of his deposition that were unclear. While Dr. Stillman contends in his affidavit to be correcting claimed distortions or mischaracterizations of his deposition testimony, he is clearly contradicting and attempting to explain away his unequivocal testimony. For example, in his affidavit, Dr. Stillman references his deposition and contends he testified that a 43-year-old woman has a 60% chance of a live

---

[4] Although some Maryland case law is less than clear about the distinction between the method of establishing a causal relationship and the plaintiff's burden of proof, there is a distinction between the two. Regardless of whether plaintiff seeks to use the "but for" test or the "substantial factor" test to prove causation in a given case, the plaintiffs must nonetheless satisfy their burden of proof. *See, e.g., Mayer v. N. Arundel Hosp. Assoc., Inc.*, 802 A.2d 483, 489 (Md. Ct. Spec. App. 2002) (applying the substantial factor test but noting that "plaintiff has the burden of proving, by a preponderance of the evidence" that defendant's act caused the harm).

9

birth. Dr. Stillman Affidavit, Exhibit 5 to Motion for Reconsideration, ¶ 3. Within the context of Dr. Stillman's entire deposition testimony, however, it is clear that this 60% live birth figure applies only to 43-year-old women who have **already** successfully conceived as opposed to those, like plaintiff, who have not yet conceived. *See* Stillman Depo., p. 23-24, lines 20-22; 1; p. 28-29, lines 19-22; 1-17.

It is well established that a "[p]laintiff cannot create or resurrect a genuine issue of material fact and thereby defeat summary judgment by filing a self serving affidavit that contradicts previous sworn testimony." *Thompson v. Islam*, No. Civ.A. 01-0585, 2005 WL 326926, at *3 (D.C. Cir. July 29, 2005), Exhibit 4 to Motion for Reconsideration; *see also Galvin v. Eli Lilly and Co.*, 488 F.3d 1026, 1030 (D.D.C. 2007); *Pyramid Sec. Ltd. v. IB Resolution, Inc.*, 924 F.2d 1114, 1123) (D.C. Cir. 1991). Lilly respectfully asserts that Dr. Stillman's affidavit, offered in opposition to Lilly's motion, should have been disregarded in its entirety. Thus, a substantial ground for difference of opinion exists concerning the admissibility of Dr. Stillman's sham affidavit.

**C. An Immediate Appeal From This Court's Order May Materially Advance The Ultimate Termination Of The Litigation**

An immediate appeal under Section 1292(b) will likely facilitate the end of this litigation. Plaintiff does not dispute that a determination by the appellate court that plaintiff failed to present sufficient evidence to satisfy her burden of proof as to causation would be dispositive and plaintiff's claims would fail as a matter of law. Rather, plaintiff asserts that, because "summary judgment has passed in this case and trial will not be prolonged," certification will not materially advance the litigation. Plaintiff's Opposition, at 12. Plaintiff cites *Singh v. George Washington University* in support of this contention, but that case is distinguishable from

the present situation.  *Singh* was an ADA case in which the court determined that, because the only issues for trial were plaintiff's disability and the remedy, the "litigation [was] poised for a relatively short, limited trial."  383 F. Supp. 2d at 105.  Based on this fact, the court found that certification "would not materially advance the termination of the litigation."  *Id*.  Unlike *Singh*, this case presents a number of complicated issues, including whether plaintiff's mother actually ingested DES; if so, whether Lilly manufactured the DES; and whether exposure to DES caused plaintiff's alleged injuries.  Thus, this case does not promise a "short, limited trial" such as would preclude a finding that resolution of a dispositive issue would not materially advance the termination of the litigation.

In fact, the opposite is true.  The parties, witnesses, jurors, and this Court all stand to save considerable time, resources and expense if the dispositive issue of the sufficiency of plaintiff's evidence of causation is resolved prior to a jury trial.  In a case that will involve complicated issues, require the testimony of numerous witnesses, and take more than a week to try once pre-trial processes are complete, these are important and relevant factors to consider in determining whether to certify an interlocutory appeal under Section 1292(b).  *Consumer Prod. Safety Comm'n v. Anaconda Co.*, 445 F. Supp. 498, 501 (D.D.C. 1977) ("An additional factor to be considered is that protracted and expensive litigation may needlessly result if this court's decision is ultimately overturned.").

WHEREFORE, Lilly respectfully requests that this Court reconsider its November 30, 2007, Order denying Lilly's Motion for Summary Judgment and enter an Order granting Lilly's Motion for Summary Judgment.  Alternatively, Lilly respectfully requests that this Court certify its Order denying Lilly's Motion for Summary Judgment for immediate interlocutory appeal pursuant to 28 U.S.C. Section 1292(b).

Dated:  December 28, 2007

Respectfully Submitted,

SHOOK, HARDY & BACON, L.L.P.

 /s/ Emily J. Laird
Michelle R. Mangrum, D.C. Bar No. 473634
John Chadwick Coots, D.C. Bar No. 461979
Emily J. Laird, D.C. Bar No. 485890
600 14th Street, N.W., Suite 800
Washington, D.C. 20005-2004
(202) 783-8400 Telephone
(202) 783-4211 Facsimile

**ATTORNEYS FOR DEFENDANT
ELI LILLY AND COMPANY**

144512v2

**CERTIFICATE OF SERVICE**

      I, the undersigned, hereby certify that a true and accurate copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, this 28th day of December, 2007, which sent notification of such filing to all counsel of record listed below.

Aaron M. Levine
Aaron Levine & Associates
1320 19th St., N.W., Suite 500
Washington, D.C. 20036

**Attorneys for Plaintiff**

 /s/ Emily J. Laird
**ATTORNEY FOR DEFENDANT**
**ELI LILLY AND COMPANY**

144512v2